732 F.2d 343
 GREENWICH COLLIERIES, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent,
and
Kathryn Thachik, (Widow of George S. Thachik), Respondent.
 No. 83-3312.
 United States Court of Appeals,
Third Circuit.
 Argued March 9, 1984.
Decided April 20, 1984.
As Amended May 17, 1984.
 
 John J. Bagnato (argued), Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., for petitioner.
 
 
 1
 Allen H. Feldman (argued), Janice B. Corwin, Francis X. Lilly, Deputy Sol. of Labor, Karen I. Ward, Associate Sol. for Special Appellate and Supreme Court Litigation, U.S. Dept. of Labor, Washington, D.C., for U.S. Dept. of Labor.
 
 
 2
 David J. Tulowitzki, Pawlowski, Long, Creany, & Tulowitzki, Ebensburg, Pa., for Kathryn Thachik.
 
 
 3
 Before HUNTER and BECKER, Circuit Judges, and KATZ,* District Judge.
 
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 4
 Greenwich Collieries ("Greenwich") filed a petition to review the final order of the Benefits Review Board in a case entitled Kathryn Thachik (Widow of George S. Thachik) v. Greenwich Collieries and Director, Office of Workers' Compensation Programs, United States Department of Labor, No. 81-1283 BLA (OWCP No. B btq-lx-uflp.
 
 
 5
 By its petition Greenwich sought to have vacated that portion of the Benefits Review Board order that assessed interest against Greenwich beginning on the date of the deceased miner's death. That ruling was based on the Benefit Review Board's prior decision in Kuhar v. Bethlehem Mines Corp., BRB No. 81-111 BLA (March 15, 1983), vacated on review upon joint motion of the parties, No. 83-3226 (3d Cir. Aug. 12, 1983).
 
 
 6
 The problem presented by the petition centers on the date for the commencement of interest on awards under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-960 (1976 & Supp. V 1982). Greenwich takes the position that interest should be awarded effective thirty days from the date of an initial determination of entitlement pursuant to 20 C.F.R. Sec. 725.420 (1983). The Department of Labor has taken the same position, based on its interpretation of 20 C.F.R. Sec. 725.608(a) (1983).[1] In Kuhar, however, the Benefits Review Board adopted a different interpretation of the governing regulation, holding that interest accrues as of the onset date of disability. Kuhar, typescript at 20. The Board adhered to that position in this case.
 
 
 7
 While this matter was pending in this court, David J. Tulowitzki, counsel for claimant and the United Mine Workers of America, District No. 2, advised our clerk:
 
 
 8
 In response to a telephone call from your office, please be advised that the claimants in the above captioned cases[2] have no interest in the outcome of the issue presently before the court relative to the onset date of interest liability.
 
 
 9
 [Letter of Counsel dated Nov. 22, 1983].
 
 
 10
 In our view, the position taken by counsel for the claimant makes this a case of intervening mootness. See A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961). The dispute in Mechling became moot when the railroads abandoned their discriminatory tariffs and withdrew their application before the Interstate Commerce Commission. In this case, as in Mechling, there is no presently existing controversy. The claimant widow has, since the filing of Greenwich's petition for review, affirmatively stated that she has no interest in the issue here involved.
 
 
 11
 Accordingly, this case will be remanded to the Benefits Review Board with the direction that its order with respect to interest be vacated insofar as it awards interest for the period prior to thirty days from the date of the initial determination of entitlement in this case.
 
 
 
 *
 Honorable Marvin Katz, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Sec. 725.608 Interest
 (a) If an operator or other employer fails or refuses to pay any or all benefits due under the terms of an initial determination by a deputy commissioner (Sec. 725.420), a decision and order filed and served by an administrative law judge (Sec. 725.478) or a decision filed by the Board or a United States court of appeals, including any penalty awarded in addition to benefits in accordance with Sec. 725.607, such operator shall be liable for 6 percent simple annual interest on all past due benefits computed from the date on which such benefits were due and payable, in addition to such operator's or other employer's liability as is otherwise provided in this part....
 
 
 [2]
 The letter was also captioned in another case dealing with the same problem. Again, under date of February 20, 1984, Mr. Tulowitzki confirmed his advice that the claimant had no interest in the outcome of the issue before the court relative to the onset date of interest liability