749 F.2d 367
 GIBRALTAR COAL COMPANY and Old Republic Insurance Companies,
Petitioners,
v.
John L. HASKINS and Director, Office of Workers'
Compensation Programs, et al., Respondents (83-3334).
NATIONAL MINES CORPORATION and Old Republic Insurance
Companies, Petitioners,
v.
Dillard JOHNSON and Director, Office of Workers'
Compensation Programs, et al., Respondents (83-3335).
PEABODY COAL COMPANY and Old Republic Insurance Companies, Petitioners,
v.
Malcolm O. GRIGGS and Director, Office of Workers'
Compensation Programs, et al., Respondents (83-3336).
TARHEEL COALS, INC., Petitioner,
v.
Johnny SMITH and Director, Office of Workers' Compensation
Programs, et al., Respondents (83-3359).
KENTUCKY CARBON CORPORATION, Petitioner,
v.
John WEBB and Director, Office of Workers' Compensation
Programs, et al., Respondents (83-3418).
 Nos. 83-3334, 83-3335, 83-3336, 83-3359 and 83-3418.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 2, 1984.
Decided Dec. 10, 1984.
 
 John L. Kilcullen, Kilcullen, Wilson & Kilcullen, Mark E. Solomons (argued), Washington, D.C., for petitioners in all cases.
 Agnes Kurtz, Benefits Review Bd., U.S. Dept. of Labor, Jeffrey J. Bernstein; Janice B. Corwin, Allen H. Feldman (argued), U.S. Dept. of Labor, Special Appellate and Supreme Court Litigation Div., Washington, D.C., for respondents in all cases.
 Ronald K. Bruce, Greenville, Ky., for respondents in No. 83-3334.
 Grayson Johnson, Hindman, Ky., for respondents in No. 83-3335.
 A.V. Conway, II, Beaver Dam, Ky., for respondents in No. 83-3336.
 Donald Shire, J. Michael O'Neill, Associate Sols., U.S. Dept. of Labor, Washington, D.C., H.B. Noble, Hazard, Ky., for respondents in No. 83-3359.
 
 
 1
 Robert J. Greene, Webb, Greene & Belhasen, Paintsville, Ky., for respondents in No. 83-3418.
 
 
 2
 Before EDWARDS, Circuit Judge, BROWN, Senior Circuit Judge, and SILER, District Judge.*
 
 
 3
 SILER, District Judge.
 
 
 4
 These are five cases presenting the identical issue on appeal: When does interest on an award of benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq., commence?
 
 
 5
 In one case (83-3359), the Administrative Law Judge (ALJ) held interest was to be computed from the last month the claimant was employed as a coal miner. In the other four, the ALJ held interest was to be computed from the date the claim was filed. The petitioners, employers and insurance carriers, assert that interest should be computed beginning thirty days after the date on which an award of benefits was made. The respondent, Director, Office of Workers' Compensation Programs (hereinafter "Director"), agrees with the petitioners' position.
 
 
 6
 After the decisions by the ALJs, appeals were taken by the employers to the Benefits Review Board ("BRB") pursuant to 33 U.S.C. Sec. 921(b), incorporated by 30 U.S.C. Sec. 932(a). The BRB affirmed the ALJs' interest awards, on the basis of its opinion in Kuhar v. Bethlehem Mines Corp., No. 81-111 BLA (March 15, 1983), vacated in relevant part sub nom. Bethlehem Mines Corp. v. Director, OWCP, No. 83-3226 (3d Cir. Aug. 12, 1983), that the regulation, 20 C.F.R. Sec. 725.608(a),[1] from the Secretary of Labor, means that interest begins to accrue as of the original date of the claimants' eligibility for benefits. This appeal was then taken from that decision.
 
 
 7
 This is an unusual case, as the claimants declined to pursue the appeal. The only arguments on appeal were by the employers and the Director, both taking the same position, that is, that the BRB erred in computing interest.
 
 
 8
 Under the circumstances, this case is moot, as there is no controversy before this Court. See Greenwich Collieries v. Director, Office of Workers' Compensation Programs, 732 F.2d 343 (3d Cir.1984), citing A.L. Mechling Barge Lines, Inc. v. United States, 368 U.S. 324, 82 S.Ct. 337, 7 L.Ed.2d 317 (1961).
 
 
 9
 Moreover, the issue is not likely to arise again except for pending claims filed prior to January 1, 1982, as the Secretary of Labor, acting on congressional directives, revised 20 C.F.R. Sec. 725.608(a) on May 31, 1983, to add to the earlier language:
 
 
 10
 On claims filed on or after January 1, 1982, in which the payment of retroactive benefits has been withheld pending final adjudication of liability in accordance with section 422(d) of the Act as amended, interest on such withheld retroactive benefit payments shall begin to accumulate 30 days after the date of the first determination that such an award should be made. The first determination that such an award should be made may be a deputy commissioner's initial determination of entitlement, an award made by an administrative law judge or a decision by the Board or a court, whichever is the first such determination of entitlement made upon the claim....
 
 
 11
 Therefore, these cases will be remanded to the BRB with the direction that its orders with respect to interest be vacated insofar as it awards interest for the period prior to thirty days from the date of initial determination of entitlement in the cases.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky and Judge, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 If an operator or other employer fails or refuses to pay any or all benefits due under the terms of an initial determination by a deputy commissioner (Sec. 725.420), a decision and order filed and served by an administrative law judge (Sec. 725.478) or a decision filed by the Board or a United States court of appeals, including any penalty awarded in addition to benefits in accordance with Sec. 725.607, such operator shall be liable for simple annual interest on all past due benefits computed from the date on which such benefits were due and payable, in addition to such operator's or other employer's liability as is otherwise provided in this part